UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICHOLAS J STEINKE,

                Plaintiff,

                                    Case No. 21-cv-1365-bhl

    v.

AMBER AGUILERA, et al.,

                Defendants.

---

## ORDER ALLOWING THE PLAINTIFF TO PROCEED WITHOUT PAYMENT OF A PARTIAL FILING FEE

---

The plaintiff, a prisoner who is currently representing himself, filed a complaint in the above captioned action. The plaintiff has also filed a motion for leave to proceed without prepayment of the filing fee, or to proceed *in forma pauperis*. The total cost of filing a civil action is $402.00, which includes the $350.00 statutory filing fee and a $52.00 administrative fee. The $52.00 administrative fee does not apply to persons granted *in forma pauperis* status. Under the Prison Litigation Reform Act (PLRA), prisoner plaintiffs who bring a civil action must pay the statutory filing fee of $350. *See* 28 U.S.C. §1915(b)(1). Prisoner plaintiffs proceeding *in forma pauperis* may pay that fee over time. *See* 28 U.S.C. §1915(b)(2).

Under the PLRA, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. 28 U.S.C. §1915(b)(1). After the initial partial filing fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in

1

the account exceeds $10 until the filing fees are paid." *Id.* The amount of the filing fee can be recovered as part of the costs of the action in the event the plaintiff ultimately prevails.

The plaintiff filed a certified copy of his prisoner trust account statement for the 6-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the 6-month period immediately preceding the filing of the complaint, the average monthly deposit in the plaintiff's prison account was zero and the average monthly balance to the account was zero. Thus, the plaintiff has neither the assets nor means to pay the initial partial filing fee.

A prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. §1915(b)(4). Therefore, the plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. However, he is still obligated to pay the $350 statutory filing fee over time pursuant to the formula set forth in 28 U.S.C. §1915(b)(2). *See* 28 U.S.C. §1915(b)(1).

The PLRA also provides that, if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the plaintiff will be prohibited from bringing any other actions *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). In the event this action is later dismissed for any of the above reasons, it may have an impact on the plaintiff's ability to bring other actions *in forma pauperis*. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under §1915(g).

**Notice to Plaintiff.** If you do not wish to proceed with this action to avoid incurring a "strike" under §1915(g), you must notify the Court by filing a letter with the Clerk of Court on or before 30 days from the date of this order. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under §1915(g); however, under §1915(b)(1), you are still required to pay the $350 statutory filing fee.

2

The plaintiff is advised that, if the complaint is screened and is immediately dismissed for any reason, you will still be required to pay the entire $350 filing fee over time and will risk incurring a strike.

**NOW, THEREFORE, IT IS ORDERED** that, pursuant to 28 U.S.C. §1915(b)(4), the plaintiff will not be required to pay an initial partial filing fee.

**IT IS FURTHER ORDERED** that, if within 30 days from the date of this order the plaintiff notifies the court in writing that he wants to voluntarily dismiss the case, the case will be closed without prejudice to the plaintiff filing this case at a later date. Voluntary dismissal will not be counted as a "strike" under §1915(g); however, pursuant to 28 U.S.C. §1915(b)(1), the plaintiff will be required to pay the $350 statutory filing fee.

Upon expiration of the specified time, the court will determine whether the action can continue *in forma pauperis*. The court will review the complaint to determine whether the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. If the complaint is legally sufficient, the action will be allowed to proceed.

The plaintiff is further advised that failure to timely notify the Clerk of Court of any change of address could result in in orders or other information not being timely delivered, thus affecting the legal rights of the parties, and could result in dismissal of this action for failure to prosecute.

Dated in Milwaukee, Wisconsin this 13th day of December, 2021.

BY THE COURT:

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge

3